No. 24-2029

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

ADRIANNA KONDILIS, BRANDEN LISCIANDRELLO, EDWARD GARCIA, JOSEPH MIRANDA, JULIE ORTEGA, MARCIN KAZARNOWICZ, MIKE BILINA, ROBERT HILLIARD, STEPHANIE MINGARI, STEPHANIE FOX, VICTOR SOKOLOVSKI, MICHELLE MAXWELL, DANIELLE PHILP, TONI SHYTELL, JULIE HATFIELD, MELISSA SCHROEDER, and STEPHANIE TONEY,
Plaintiffs-Appellants

v.

CITY OF CHICAGO, ILLINOIS,
Defendant-Appellee.

**REPLY BRIEF FOR PLAINTIFFS-APPELLANTS**

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION
CASE NUMBER 23-cv-2249
THE HONORABLE JUDGE ROBERT W. GETTLEMAN, PRESIDING

*Electronically filed March 19, 2025*

*Cass T. Casper, Esq.*
Plaintiffs'-Appellants' Attorney
DISPARTI LAW GROUP, P.A.
121 West Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 506-5511 ext. 331
E: cass.casper@dispartilaw.com

**ORAL ARGUMENT REQUESTED**

No. 24-2029

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

ADRIANNA KONDILIS, BRANDEN LISCIANDRELLO, EDWARD GARCIA, JOSEPH MIRANDA, JULIE ORTEGA, MARCIN KAZARNOWICZ, MIKE BILINA, ROBERT HILLIARD, STEPHANIE MINGARI, STEPHANIE FOX, VICTOR SOKOLOVSKI, MICHELLE MAXWELL, DANIELLE PHILP, TONI SHYTELL, JULIE HATFIELD, MELISSA SCHROEDER, and STEPHANIE TONEY,
Plaintiffs-Appellants

v.

CITY OF CHICAGO, ILLINOIS,
Defendant-Appellee.

## TABLE OF CONTENTS

**TABLE OF CONTENTS**……………………………………………………………………..i

**TABLE OF AUTHORITIES**…………………………………………………………………iii

**ARGUMENT**……………………………………………………………………………...1

    I.     The Religious Exemption Applied To The COVID Policy *As A Whole*; At A Minimum, There Is A Dispute Of Fact As To The Breadth Of The Religious Exemption And Determination Notice..1

    II.    Plaintiffs Alleged That The Adverse Actions Against Them Burdened Their Free Exercise Of Religion And Were Not Generally Applicable……………………………………………………...4

    III.   The City's Adverse Actions Under The Policy Fail Any Degree Of Scrutiny; Heightened Scrutiny Applies Like The Court Did In *Brandon v. Board of Education*, 2023 WL 4104293 (E.D. Mo. June 21, 2023)……………………………………………………………………6

    IV.   Plaintiffs' Iterate Their Opening Brief Arguments As To The Equal Protection And IRFRA Claims………………………………...7

**CONCLUSION**……………………………………………………………………………7

**CERTIFICATION OF COMPLIANCE WITH FED. R. APP. P. 32(a)**…………..8

**CERTIFICATE OF SERVICE**………………………………………………………..9

No. 24-2029

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

ADRIANNA KONDILIS, BRANDEN LISCIANDRELLO, EDWARD GARCIA, JOSEPH MIRANDA, JULIE ORTEGA, MARCIN KAZARNOWICZ, MIKE BILINA, ROBERT HILLIARD, STEPHANIE MINGARI, STEPHANIE FOX, VICTOR SOKOLOVSKI, MICHELLE MAXWELL, DANIELLE PHILP, TONI SHYTELL, JULIE HATFIELD, MELISSA SCHROEDER, and STEPHANIE TONEY,
Plaintiffs-Appellants

v.

CITY OF CHICAGO, ILLINOIS,
Defendant-Appellee.

## TABLE OF AUTHORITIES

*Brandon v. Board of Education*, 2023 WL 4104293 (E.D. Mo. June 21, 2023)..........6

*Hossack v. Floor Covering Assocs. of Joliet, Inc.*, 492 F.3d 853, 862 (7th Cir. 2007)...2

*Rogers v. City of Chicago*, 320 F.3d 748, 753 (7th Cir. 2003)…………………….2

# ARGUMENT

## I. The Religious Exemption Applied To The COVID Policy *As A Whole*; At A Minimum, There Is A Dispute Of Fact As To The Breadth Of The Religious Exemption And Determination Notice.

The City argues that the religious exemption applied only to the vaccine requirement, not to the other requirements under the City's COVID policy, such as the requirement that employees must enter their vaccination status in the portal. *Brief* at 12. It argues that because the Plaintiffs never entered their vaccination status in the portal, that is what caused their no-pay statuses and other adverse actions. *Id.* The City says this dooms the Free Exercise, Equal Protection, and IRFRA claims.

First, the pure absurdity of this argument is circumstantial evidence that there is an effort to discriminate on the basis of religion going on with these Plaintiffs. The City is arguing that, even though Plaintiffs were issued exemptions from the vaccination requirement, the City was still justified in adverse actions against them for not entering their vaccination status in the portal. So, (1) the City is aware Plaintiffs are not getting vaccinated because it granted them religious exemptions. Yet, (2) in the same breath, the City claims it is justified in adverse actions against Plaintiffs for not reporting vaccination status in the portal, when the City already is aware they are exempted and not getting the vaccinations. *This*, says the City, is sufficient to warrant placing Plaintiffs, variously, in months of no-pay statuses, stripping them, and/or terminating them for various periods of time. The pure absurdity of this argument is circumstantial evidence of discriminatory

animus. *See Rogers v. City of Chicago*, 320 F.3d 748, 753 (7th Cir. 2003) (discussing circumstantial evidence); *Hossack v. Floor Covering Associates of Joliet, Inc.*, 492 F.3d 853, 862 (7th Cir. 2007) (discussing three kinds of circumstantial evidence and "other bits and pieces from which an inference of discriminatory intent might be drawn"). The City's argument amounts to "we punished you for not submitting your status on the portal," and yet the City already knew the Plaintiffs were not vaccinated because they had religious exemptions. So, what possible difference does submitting the information onto the portal make in the circumstance of these Plaintiffs? For employees without the religious exemption, the portal makes sense – it's the way those employees confirm they got vaccinated. But what sense does it make for employees who have the religious exemption? Is the City saying it doesn't know they didn't get the vaccine, when it already knows they won't be getting it because of the exemption? "Ludicrous" is a better word than "absurd" for this explanation. And that is the "bit[] and piece" of circumstantial evidence that Plaintiffs could use to prove that the City was motivated by religious discrimination, among other circumstantial evidence if this case made it to discovery.

Second, the City spends much time parsing the Religious Exemption Determination Notice. *Brief* at 14-15. But let us look, again, at Plaintiff Kondilis' Determination Notice, for example:

> **City of Chicago**
> **COVID-19 VACCINE EXEMPTION DETERMINATION NOTICE**
>
> **EMPLOYEE INFORMATION**
> Name: Adrianna Kondilis
> Department: CPD
> Job Title: Police Officer
> Request Number: VAX-7782
>
> **DETERMINATION**
>
> Dear Employee:
>
> Your request for a religious exemption from the City of Chicago's Mandatory COVID-19 Vaccination Policy has been:
>
> ☒ Approved
>
> ☐ Denied
>
> **If your request has been approved, you may be required to follow additional health and safety measures while at work. Those measures are described below:**
>
> The employee will be required to comply with masking, social distancing, and testing requirements until further notice.

Dkt. 49 at 72. The City can parse this Notice all it wants, but it cannot escape that it says what it says:

"Your request for a religious exemption from the City of Chicago's **mandatory COVID-19 vaccination policy** has been: (X) Approved."

*Id.* (emphases added). The Determination Notice could not any more explicitly exempt the Plaintiffs *from the policy as a whole.* It does not say "you are exempted from the vaccine only." It does not say "you are exempted from the vaccine, but must still report your status on the portal." What it does say is "you are exempted from the policy." Period. The City attempts to morph the listed caveats, "masking, social distancing, and testing requirements" into "reporting your status on the vaccination portal," (Brief at 16), which is also absurd – the City could have put that if it intended it as a limit on the exemption, but it did not. These Plaintiffs

3

were allowed, even required, to follow the Determination Notice to the letter – and that means an exemption *from the policy as a whole*, and all that came with it, like the portal requirement.

For these reasons, the City's attempt to rewrite the Determination Notice in this litigation, to impose additional requirements not contained within it, is unavailing and this Court should reverse the decision below and remand this case for further proceedings.

## II. Plaintiffs Alleged That The Adverse Actions Against Them Burdened Their Free Exercise Of Religion And Were Not Generally Applicable.

The City next argues that the "singular reason for plaintiffs' adverse employment consequences was their refusal to enter their vaccination status in the portal." *Brief* at 18. It argues that the Plaintiffs do not adequately allege that complying with the portal requirement burdens their religious beliefs. *Id.* It argues that the portal requirement was neutral and generally applicable. *Brief* at 19-20.

There is a fundamental flaw in this argument, however. It assumes that the Plaintiffs were subjected to adverse actions because of they failed to enter their vaccination status in the portal to begin with. But this case was dismissed at the pleadings stage, no discovery was taken, and the City is just baldly asserting that that is the reason Plaintiffs suffered adverse actions. On the existing state of the record, how is the Court to know that is the reason for these adverse actions? This points to the real fundamental error in the District Court's decision: the District Court just said so, stating that "Again, they were disciplined for failing to report

their status into the Portal after receiving a direct order to do so." Dkt. 60 at 9. That sounds like a conclusion that could be made a summary judgment, but it is taking-sides-at-the-pleadings-stage for the Court to conclude that on a motion to dismiss.

Second, Plaintiffs did plead that entering information into the portal burdened their religion. *See, e.g.*, Dkt. 49 at ¶520 ("The City of Chicago's requirement that all of its employees be vaccinated against COVID-19 and enter their status into the Portal conflicts with Plaintiffs' religious beliefs."). They also plead that other "police officers or City employees did not comply with reporting his or her vaccination status in the Portal and the City did not put such employees on unpaid leave." Dkt. 49 at ¶528(c). The latter allegation by itself detonates the City's claim that Plaintiff did not plead that the portal requirement burdened their religious beliefs – if other employees did not report their status in the portal, and were not punished, and Plaintiffs were, that is the very definition of a discriminatory burden on Plaintiffs' religious beliefs. What's the difference between these two sets of employees? The Plaintiffs' religion. And so we have a burden on their religious beliefs.

For these reasons, the City's argument that the Plaintiffs failed to plead that the portal requirement burdened their religious beliefs, and that the requirement was generally applicable, is unavailing.

5

## III. The City's Adverse Actions Under The Policy Fail Any Degree Of Scrutiny; Heightened Scrutiny Applies Like The Court Did In *Brandon v. Board of Education*, 2023 WL 4104293 (E.D. Mo. June 21, 2023).

The City argues that the portal requirement satisfies any level of constitutional scrutiny, from rational basis to higher levels of review. *Brief* at 22-23. It argues that the portal requirement satisfies even strict scrutiny because it needed to control the spread of COVID-19, which is a compelling interest. *Brief* at 24. It also says that "good order and discipline" maintains public safety, and following orders to complete a task is a compelling interest. *Id.*

Once again, the City's argument wrongly presupposed that it was, indeed, the portal requirement that led to these adverse actions. Yet, Plaintiffs say it was religious discrimination that led to them, not the portal requirement. Plaintiffs pleaded it was not the portal requirement, but was religious discrimination. In particular, this is the case because other City employees who didn't report their status did not get punished. Dkt. 49 at ¶528(c). For the Court to have preemptively sided with the City on bare pleadings is not only gross procedural error, but an affront to fundamental fairness: Plaintiffs were entitled to endeavor to prove their claims in Court, not prejudgment of the highest order.

Beyond that, Plaintiffs have argued in their Opening Brief why strict scrutiny should apply, and why the City's imposing these extreme adverse actions is a narrowly-tailored response to controlling the pandemic. *See Pls.' Brief* at 45-50. Plaintiffs iterate those arguments as their Reply here.

## IV. Plaintiffs' Iterate Their Opening Brief Arguments As To The Equal Protection And IRFRA Claims.

At pages 24 through 29, the City argues that the dismissal of the Equal Protection Claim and IRFRA claims should be affirmed. Plaintiffs iterate their arguments from their Opening Brief as their Reply here. *See Pls.' Brief* at 47-50.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Honorable Court reverse the District Court's May 23, 2024 order and judgment, remand for further proceedings, and grant such other relief as it deems just and proper.

Respectfully submitted,

By: */s/ Cass T. Casper*

_____
Plaintiffs' Attorney

*Cass T. Casper, Esq.*
DISPARTI LAW GROUP, P.A.
121 West Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 506-5511 ext. 331
E: cass.casper@dispartilaw.com

No. 24-2029

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

---

ADRIANNA KONDILIS, BRANDEN LISCIANDRELLO, EDWARD GARCIA, JOSEPH MIRANDA, JULIE ORTEGA, MARCIN KAZARNOWICZ, MIKE BILINA, ROBERT HILLIARD, STEPHANIE MINGARI, STEPHANIE FOX, VICTOR SOKOLOVSKI, MICHELLE MAXWELL, DANIELLE PHILP, TONI SHYTELL, JULIE HATFIELD, MELISSA SCHROEDER, and STEPHANIE TONEY,
Plaintiffs-Appellants

v.

CITY OF CHICAGO, ILLINOIS,
Defendant-Appellee.

---

**CERTIFICATION OF COMPLIANCE WITH FED. R. APP. P. 32(a)**

The undersigned certifies that this Reply Brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7) because it contains 1,538 words, exclusive of the portions exempted by Fed. R. App. P. 32(f). The undersigned further certifies that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because the document has been prepared in a proportionally spaced typeface using Microsoft Word (v. 1905) in 12-point Century Schoolbook serif-font.

*/s/ Cass T. Casper*
———————————————

No. 24-2029

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

ADRIANNA KONDILIS, BRANDEN LISCIANDRELLO, EDWARD GARCIA, JOSEPH MIRANDA, JULIE ORTEGA, MARCIN KAZARNOWICZ, MIKE BILINA, ROBERT HILLIARD, STEPHANIE MINGARI, STEPHANIE FOX, VICTOR SOKOLOVSKI, MICHELLE MAXWELL, DANIELLE PHILP, TONI SHYTELL, JULIE HATFIELD, MELISSA SCHROEDER, and STEPHANIE TONEY,
Plaintiffs-Appellants

v.

CITY OF CHICAGO, ILLINOIS,
Defendant-Appellee.

**CERTIFICATION OF SERVICE**

The undersigned attorney for Plaintiffs-Appellants hereby certifies that he served the foregoing Reply Brief of Plaintiffs-Appellants on counsel for all parties via this Court's CM/ECF filing system on March 19, 2025, and that all such counsels are registered e-filers.

*/s/ Cass T. Casper*
_____